IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK BALKENBUSCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-541-S-BN |
| | § | |
| ANGEL GEE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mark Balkenbusch, providing that his address is in Dallas, Texas, filed a *pro se* complaint against his sister, who he claims is a federal employee, alleging that she withdrew an unspecified amount of money from his bank account. *See* Dkt. No. 3.

His lawsuit has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

After reviewing Balkenbusch's complaint, the Court ordered that he show in writing by April 6, 2020 that the Court has subject matter jurisdiction over his lawsuit. *See* Dkt. No. 6. Because Balkenbusch has failed to respond to the Court's order or otherwise contact the Court, the undersigned, considering the complaint as filed, now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also*

*Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Because Balkenbusch chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway*

*Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

But "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). "[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d

257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195

(5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark*

*Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must

be more than frivolous to support federal question jurisdiction").

Balkenbusch has not "affirmatively and distinctly" alleged jurisdiction. And his

complaint reflects neither that there is complete diversity between the parties, nor that

the requisite amount in controversy exists, nor that federal law creates his cause of

action. *See* Dkt. No 3. As to the last point,

> "[p]rivate individuals generally are not considered to act under color of
> law," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), but "private
> action may be deemed state action when the defendant's conduct is 'fairly
> attributable to the State,'" *Priester v. Lowndes County*, 354 F.3d 414, 423
> (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th
> Cir. 1999)).

*Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017). Balkenbusch has not alleged that

the defendant's actions are fairly attributable to state action by, for example,

"'alleg[ing] specific facts to show' ... that [the defendant] and public actors entered into

an agreement to commit an illegal act." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 774-

76 (N.D. Tex. 2014) (quoting *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008)).

And, where a plaintiff "does not allege facts demonstrating that [a defendant]

acted under color of state law," he fails "to plead and establish subject-matter

jurisdiction based on the existence of a federal question." *E.g., Mitchell v. Clinkscales*,

253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no

allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell

failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

Further, to the extent that Balkenbusch alleges a criminal theft violation, even if a federal criminal statute may apply here, he may "not assert a valid basis for federal question jurisdiction" by relying "on federal criminal statutes only," *Robinson v. Pulaski Tech. Coll.*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (citations omitted), as he "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute," *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL 1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also McKeague v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate that [a plaintiff's] claims arise under federal law" (citation omitted)).

Balkenbusch has thus failed to show that the Court possesses subject matter jurisdiction over his claims. The Court should therefore dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of

Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE